## MAXEY v. STATE.

## Opinion delivered July 8, 1905..

1. CHANGE OF VENUE—DISCRETION.—An order overruling a motion for a change of venue upon the ground that the court examined the witnesses who signed the affidavit in support of the motion and found that they were not informed as to the condition of the minds of the inhabitants of the county, except at the county seat, was not an abuse of discretion. (Page 279.)

2. SAME— RULE OF CIRCUIT COURT.—*It seems* that a rule of the circuit court that, "before the change of venue shall be granted in any case pending on the criminal docket of this court, written notice of the application therefor shall be given to the attorney for the State at least three days prior to the day upon which the application is made" is arbitrary. (Page 279.)

3. EVIDENCE—EFFORT TO SUPPRESS.—It was competent for the State to prove that defendant, on the day previous to the trial assaulted one of the State's witnesses and used abusive language toward him, as tending to prove an effort to suppress testimony against himself. (Page 279.)

4. APPEAL—QUESTION NOT RAISED BELOW.—The competency of evidence admitted without objection in the trial court will not be considered on appeal. (Page 280.)

5. ADMISSION OF EVIDENCE—PREJUDICE.—The erroneous admission of testimony is not prejudicial if the fact which it tends to prove is otherwise established by evidence admitted. (Page 280.)

6. EVIDENCE—GENERAL EXCEPTION.—A general exception to evidence introduced is insufficient to point out a specific reason for its rejection. (Page 280.)

7. ESCAPE—CONVEYING INSTRUMENT TO PRISONER TO FACILITATE.—The offense of conveying into jail any instrument, arms or other thing useful to aid any prisoner in his escape, with the intent to facilitate the escape of such prisoner, is complete, under Kirby's Digest, § 1676, when the instrument or other thing is conveyed into the jail, with the intent mentioned, whether the escape is effected or attempted or not, and whether the prisoner acquiesces or co-operates in the crime or not. (Page 280.)

8. TRIAL—PROPRIETY OF ARGUMENT.—Where the evidence showed that defendant assaulted one of the State's witnesses, hit him on the head, and knocked him down, and that from the effect of such blow he was in bad condition at the trial, and suffered from nervousness, it was not prejudicial error for the attorney for the State to assert that defendant intended to kill the witness. (Page 280.)

Appeal from Independence Circuit Court.

FREDERICK D. FULKERSON, Judge.

Affirmed.

STATEMENT BY THE COURT.

The amended record brought here by the Attorney General shows that appellant was convicted before a justice of the peace of Independence County on a charge made by the affidavit of the prosecuting attorney under the following statute:

"Every person who shall convey into any jail or place of confinement any disguised instrument, arms or other thing proper or useful to aid any prisoner in his escape, with the intent thereby to facilitate the escape of any prisoner lawfully committed to or detained in such jail or place of confinement for felony or other criminal offense, or detained therein for any violation of any penal statute, or in any civil action, whether such an escape be *effected* or *attempted* or not, shall be deemed guilty of a misdemeanor, and on conviction be fined in any sum not less than one hundred dollars, and be imprisoned not less than six months." Kirby's Dig. § 1680.

He appealed to the circuit court, was tried by jury, again convicted, and fined in the sum of $100 and six months in jail,

and appealed to this court. In the circuit court appellant moved for change of venue, supporting his motion by the affidavits of himself and four others to the effect that the minds of the inhabitants of Independence County were so prejudiced against him that he could not obtain a fair and impartial trial. The prosecuting attorney objected to the hearing of the motion for change of venue because no written notice of such motion had been served upon him as provided by the rules of the circuit court, as follows: "That, before a change of venue shall be granted in any cause pending on the criminal docket of this court, written notice of the application therefor shall be given to the attorney for the State at least three days prior to the day upon which the application is made. Upon hearing of any application for a change of venue, the defendant will be required to produce in court the persons making the supporting affidavit."

The court, after examining three of the witnesses who signed the supporting affidavit for change of venue, called upon appellant to produce the fourth, but appellant was unable to do so. The court then overruled the motion for change of venue, reciting in the order "that the court, after hearing the cross-examination of the supporting affiants, is of the opinion that such affiants were not informed as to the condition of the minds of the inhabitants upon the matter except about the city of Batesville, and for this reason, and that no notice of this application had been served upon the prosecuting attorney as provided by the rule of this court, the court is of the opinion that the said motion be and the same is hereby overruled."

Other facts will be stated in the opinion.

*Horton & South,* for appellant.

No jurisdiction appears from the record. 45 Ark. 145; 34 Ark. 650; 31 Ark. 725. The change of venue should have been granted. Kirby's Dig. § § 2317, 2318. The evidence as to the difficulty between Hall and defendant was improperly admitted. 52 Ark. 309; 39 Ark. 278; 14 Ark. 555; 7 Ark. 470; 5 Ark. 66. The testimony of S. C. Mankriss was improperly admitted. 62 Ark. 495; 56 Ark. 330; 16 Ark. 628. The testimony of J. W. Six should have been excluded. 3 Green. Ev. § 192; 32 Ark. 119; Kirby's Dig. § 1680. Statutes creating crimes are strictly

construed.  Bish. Stat. Cr. § § 193-4; 53 Ark. 334; 43 Ark. 413; 40 Ark. 99; 38 Ark. 519; 13 Ark. 407; 6 Ark. 132.  The remarks of J. C. Yancey were improper.  61 Ark. 130; 58 Ark. 368; 48 Ark. 106.

*Robert L. Rogers, Attorney General,* for the State.

The petition for change of venue was properly denied.  54 Ark. 243.

WOOD, J., (after stating the facts.)  1.  The record brought here by certiorari on motion of the Attorney General shows that an appeal was taken by appellant from a judgment of conviction before the magistrate.  The circuit court therefore had jurisdiction.

2.  The circuit court did not arbitrarily overrule appellant's motion for change of venue, but examined three of the witnesses signing the supporting affidavit, and found that they were not informed as to the conditions of the minds of the inhabitants concerning the matter, except about the city of Batesville.  This alone was sufficient to justify the court in refusing the motion for change of venue.  The court gave, as an additional reason for refusing the change, noncompliance by the appellant with its rules.  This was no legal reason for refusing a motion for change of venue where the statute had been complied with, and, had this been the only reason for the court's ruling, it would have been error.  But, having examined the witnesses and ascertained the facts as found in the court's order overruling the motion, which finding is sustained by the evidence, the court's ruling in refusing the motion cannot be considered arbitrary, and therefore erroneous.

3.  The court permitted the State's witness, Hall, to testify that the appellant had, on the day previous to the trial, assaulted him and used abusive language toward him.  The appellant's testimony shows that the assault on and abusive language to Hall was because of what Hall had sworn before concerning appellant's connection with the crime charged.  Hall was to testify, and did testify, the next day.  The testimony tended to show the animus of appellant toward the prosecuting witness, Hall, on account of the testimony he had previously given, and which he might be expected to give again on the morrow.  It

tended to show a disposition on the part of appellant to browbeat or intimidate the witness, Hall, on account of his testimony, and in that sense might be regarded as an effort on the part of appellant to .suppress testimony against him.

4. Appellant urges that it was error for the court to permit witnesses to testify to conversations with Hall in the absence of appellant, in which he made statements damaging to appellant, but appellant failed to reserve exceptions to the ruling of the court in admitting this testimony, and the objection made here for the first time cannot avail.

5. The testimony of J. W. Six that he examined the charge of incest against W. J. Hall, and committed him to jail, without producing the commitment or record, or accounting for same if erroneous, was not prejudicial, for the witness, W. J. Hall, had already testified, without objection, that he had been committed to jail on a charge of incest, and appellant himself testified that witness Hall had been in jail on that charge.

6. The fact that W. J. Hall, whom appellant is alleged to have intended to assist in escaping from jail, had been tried and acquitted was irrelevant to the charge against appellant, but we do not consider it prejudicial. However, if it was relevant and prejudicial, appellant saved only a general exception to it, failing to point out the specific reason for its rejection. This was not sufficient. *Vaughan* v. *State,* 58 Ark. 353.

7. The offense is complete under the statute when any person shall have conveyed into the jail or place of confinement anything proper or useful to aid any prisoner in his escape with the intent to facilitate the escape of any prisoner, whether such escape be effected or attempted or not. The acquiescence or co-operation of the prisoner, which appellant contends is necessary, does not seem to be contemplated by the act. The express language is to the contrary.

8. The bill of exceptions contains the following: "Be it remembered that upon the trial of the above-entitled cause J. C. Yancey, attorney for the State, made the following improper and prejudicial remarks: 'Bob Maxey knew that dead men tell no lies,' and saying that 'Maxey, the defendant, intended to kill Hall on his escape,' and saying 'they [meaning the defendant's attorneys] ask you to believe that Morgan would be guilty of

such a scheme as this, and you must believe that Morgan would stoop to instigate a scheme of this kind, or that Bob Maxey is guilty,' to which remarks the defendant at the time excepted, and asked the court to exclude the same from the jury, which was by the court overruled, to which ruling of the court defendant at the time excepted, and asked that his exceptions be noted of record, which was accordingly done."

The above record shows that the circuit court regarded the remarks of the attorney as "improper and prejudicial," but, notwithstanding this, he overruled the motion for a new trial, setting up such remarks as the fifteenth ground in such motion. This record presents the somewhat anomalous condition of the circuit judge expressing an opinion as to the effect of the remarks objected to, but failing to give the appellant the benefit of his opinion by granting his motion for a new trial. As the learned trial judge, notwithstanding his declaration that the remarks of the attorney set out above were "improper and prejudicial," refused the appellant's motion for a new trial, the question is presented to us as to whether the remarks were really "improper and prejudicial," the declaration of the circuit judge to the contrary notwithstanding. The witness, Hall, had testified that the appellant had hit him on the head, and knocked him down, and that from the effect of such blow he was in bad condition, and suffering from nervousness at the time of giving his testimony. There was nothing beyond this to indicate the character of the assault that was made by the appellant on the witness, Hall, and this was hardly sufficient to justify the attorney in reaching the conclusion that it was the intention of the appellant, by this assault, to kill the witness, Hall, in order to get rid of his testimony, as indicated by the language which the attorney used. Still, the facts upon which he predicated his opinion were before the jury, and, as sensible men, we must assume that they gave the opinion of the attorney as to these facts no more or greater consideration than the facts themselves justified. In this view we do not see how the remarks concerning the assault could have been prejudicial. Likewise, as to what was said as to Sheriff Morgan. The facts were all before the jury, upon which the attorney was expressing his opinion. It was no more than an opinion which he was expressing. The learned counsel for

appellant say "that the proof on the part of the State showed conclusively that the sheriff was a party to the scheme to induce the defendant to violate the law by committing the act for which he was tried in this case." This being the opinion of counsel for appellant as to the conduct of Sheriff Morgan in connection with the transaction, it was certainly legitimate argument for counsel for the State to express the opinion that what the sheriff did in connection with the matter must be attributed to innocent and proper motives, and, if so, the appellant was guilty. We do not find the remarks complained of prejudicial to appellant.

Having considered all the assignments of error in the order presented in appellant's brief, and finding no reversible error, the judgment is affirmed.