SPARKS v. FORREST.

Opinion delivered March 9, 1908.

1. EVIDENCE—COMPARISON OF HANDWRITING.—Where plaintiff sued upon a written contract purporting to be signed by defendant, and defendant denied having signed such instrument, it was not error to introduce another instrument already in the case, which is admitted to have been signed by defendant, for the purpose of comparing the two signatures. (Page 430.)

2. APPEAL—HARMLESS ERROR.—Admission of evidence tending to prove an undisputed fact is not prejudicial. (Page 430.)

3. INSTRUCTIONS—RELEVANCY TO ISSUES.—Where, in a suit upon an alleged written contract, the defense was that the contract was never executed, or that defendant's signature thereto was procured by fraud, it was not error to refuse to submit to the jury the question whether plaintiff performed only a part of his contract. (Page 430.)

Appeal from Benton Circuit Court; *J. S. Maples*, Judge; affirmed.

STATEMENT BY THE COURT.

This is a suit to collect an attorney's fee; and, in his complaint, appellee sets forth as his cause of action an alleged contract which is as follows:

"Whereas, in a suit pending in the Benton Circuit Court at the March term, 1905, and wherein Jennie Sparks is plaintiff and J. E. Bratt is defendant, the plaintiff recovered judgment against the defendant in the principal sum of $3,000, and interest thereon since the 25th day of September, 1903, at 6 per cent. per annum, together with costs of suit; and

"Whereas, R. F. Forrest represented said plaintiff in the prosecution of said suit to judgment.

"Now, this evidences that I, the said Jennie Sparks, in consideration of the said legal services of the said R. F. Forrest, hereby agree to allow and pay to him as compensation for said service a contingent fee of 23 1-3 per cent. of the amount that may be finally recovered against said Bratt in said circuit court or any other court to which said cause may be carried.

"That said Jennie Sparks further agrees with the said Forrest that in no event will she compromise said suit by accepting or agreeing to accept a less amount than $3,000 and 6

per cent. interest thereon since the 25th day of September, 1903; and that, should she do so, the compensation herein agreed to be paid to said Forrest shall be computed upon the basis of the full amount that may be due her from said Bratt in accordance with the judgment now rendered, or that may be hereafter rendered upon the final disposition of the same.

"In testimony whereof we have hereunto set our hands this the 8th day of April, 1905.

"JENNIE SPARKS,
"R. F. FORREST."

Said complaint further alleges that on the 1st day of November, 1906, appellant, in pursuance of said agreement, received from J. E. Bratt principal and interest aggregating $3,600, and that the amount due appellee was $840, and that the appellant refused to pay the same.

In her answer appellant, first, denies the execution of the contract set forth in plaintiff's complaint; and, second, alleges that, if said contract was in fact signed by her, said signature was procured by fraudulent and unlawful representations of the plaintiff as to the character and contents of said contract, and the same was in no sense her free and voluntary act; third, she denies that plaintiff represented her in the prosecution of the suit mentioned in the complaint; fourth, she denies that, in consideration of the legal services of the appellee, she agreed to pay him a contingent fee of 23 1-3 per cent. of the amount that might be recovered in her suit against Bratt, or any other part or per cent. thereof; fifth, further answering, she charges the facts to be that she employed J. A. Rice to institute and prosecute her said suit against Bratt to a final determination, and that the same was prosecuted by him to a final determination; sixth, she denies that the plaintiff agreed to prosecute said suit to a final determination for the consideration named in his complaint or any other consideration, and charges. the facts to be that, if he did so promise, he failed to keep and perform said promise and did not prosecute said suit to a final determination, and that said alleged consideration for said agreement, if any, had failed; further answering, she charges. the facts to be that the appellee was requested by her to assist J. A. Rice in getting up the evidence in the Bratt case, and that.

no agreement as to the compensation was had for such services, and no reference to such compensation made until long after the suit had been tried in the Supreme Court, and that no demand was made upon her by the appellee for compensation for services of any character until after the final disposition of her case against Bratt in the Supreme Court, when appellee did demand of her the payment of $840 for his legal services, which she refused to pay; and thereupon, and before the institution of this suit, she tendered the plaintiff the sum of one hundred dollars as a reasonable compensation for services rendered by him in and about said suit, and that such tender she had made good at the trial of this case.

Upon the trial of said cause in the court below before a jury, a verdict and judgment were had in favor of the appellee for $840 and costs of suit; and to reverse which this appeal is prosecuted.

Appellee Forrest testified in substance that, in May, 1904, he was employed by appellant, in conjunction with J. A. Rice, to bring suit in the Benton Circuit Court against J. E. Bratt, for appellant, and that his compensation for services was to be contingent. That he assisted in the preparation of the case for trial, and also acted as one of appellant's attorneys at the trial of the case in the Benton Circuit Court. That he exhibited to appellant a contract in writing in favor of Mr. Rice. That he stated to her that Mr. Rice had failed to draw a joint contract. That he had prepared an individual contract for himself. That appellant then read both contracts, and signed them both at the same time. That he returned Mr. Rice's contract to him at Bentonville. The contract set out in the complaint was read to the jury.

The contract of appellant with J. A. Rice was introduced for the purpose of comparing appellant's signature with the one to the contract in controversy.

Andrew Russell testified in substance that in April, 1906, he was deputy sheriff of Benton County; and at that time an execution was placed in his hands in the case of Jennie Sparks v. J. E. Bratt. That J. A. Rice instructed him to go to Siloam Springs to appellee, and that he would give him the necessary

information in levying the execution. That appellee was an attorney in the case at that end of the line.

J. E. Porter testified that after the suit was commenced appellant stated in his presence to Mr. Rice and Mr. Forrest that she wanted to pay her attorneys on the insurance. That Mr. Forrest said the fee would be large. Appellee also adduced testimony showing that appellant collected from J. E. Bratt upon her judgment on or about November 1st, 1906, the sum of $3,600.

Appellant, Jennie Sparks, testified in substance that she has had but very little experience in business matters of any kind. That she employed appellee to assist Mr. Rice in conducting the case of Sparks *v.* Bratt, referred to in appellee's testimony, but did not agree to pay him any stated amount for his services. That she relied upon Mr. Rice mainly to conduct the case. That Mr. Rice did conduct the trial of the case, but she admits that appellee was present at the trial. Appellant testified that she went to appellee's office on the day the contract in controversy purports to have been signed. That the signature to it looks like her handwriting, but that she is unable to state positively one way or the other that it is or is not her handwriting. That she is positive that, if it is her signature, it was procured in some way and at some time when she was not aware of what was being done. That she signed the contract to Mr. Rice exhibited to the jury. That she signed it in duplicate and left a copy at appellee's office. That she does not know why she left it there. That, if she did sign the contract sued on, she did so without knowing what it was, or that it was a contract of any kind.

J. A. Rice testified that appellee first filed a complaint in the case of Sparks *v.* Bratt, by what authority he did not know. That the complaint was adjudged insufficient. That he prepared another complaint upon which the case was tried. That appellee was present at the trial and testified as a witness, but took no other part in the conduct of the case. That he conducted the case on appeal to the Supreme Court without assistance from appellee.

Appellant offered to prove by L. H. McGill and W. A. Dickson that they had practiced law for a number of years in

Benton County, and were familiar with the value of legal services in that county. That the services performed by appellee were not worth exceeding one hundred dollars.

*J. A. Rice* and *Dick Rice,* for appellant.

1. The court's second instruction was erroneous in that it did not confine the jury to a consideration of legal services, but left open for consideration any character of service, including that of witness. The giving of this instruction, together with the refusal to admit the testimony of L. H. McGill and W. A. Dickson, also took from the jury the defense of part performance of the contract and the fair value of such partial services.

2. It was error to submit to the jury the contracts between appellant and J. A. Rice, and between appellant and appellee for the purpose of comparing the signatures thereto. The latter contract is denied both in appellant's pleading and proof, and there was no proof to show that the signature to the former contract was her genuine signature. 32 Ark. 337; 9 Am. & Eng. Enc. of L. 279-289; 34 S. W. 38.

*R. F. Forrest, pro se.*

1. The court's second instruction is the law of this case, and was fully warranted by the testimony of appellant. There was no error in refusing to admit the testimony of McGill and Dickson. Where parties have reduced their agreement to writing, they cannot add to or subtract from it, or vary or contradict it by parol. 101 U. S. 93; 67 Pa. 462; 73 Pa. 93; 3 L. R. A. 751. The existence and terms of a contract are for the jury; its force and effect is for the court. 4 L. R. A. 203 and note; 58 L. R. A. 227; 75 Ark. 55; 20 Ark. 583; 67 Ark. 533; Parsons on Cont. (9 Ed.), 684; Lawson on Cont. (2 Ed.), § 377. If the contract has been performed on one side, and only money remains to be paid on the other, the discharge from this indebtedness can be effected only in the same way as from any other. Bishop on Cont. (Enlarged Ed.), § 822.

2. If there was error in permitting the inspection of the contracts for the purpose of comparing her signature, it could not, in the light of appellant's own testimony, have affected the verdict, and was not prejudicial. 32 Ark. 346; Lawson on Cont.,

2 Ed. § 381, sub-div. III, note 1; Lawson's Expert & Opin. Ev. 277, 428; 20 Ark. 216. The question of fraud is settled by the jury's verdict under proper instructions. 76 Ark. 88.

HART, J. (after stating the facts.) Appellant contends that the court erred in submitting to the jury the contract between herself and J. A. Rice for the purpose of comparing her signature attached to it with the signature to the contract in suit. There was no prejudicial error in this action of the court. After this was done, appellant took the stand in her own behalf, and did not deny the genuineness of her signature to the Rice contract. She certainly knew whether or not it was her handwriting. Hence she could not be prejudiced by the act of using her signature to that contract for the purpose of comparison with the signature to the contract in suit. *Clinton* v. *Estes*, 20 Ark. 216; *Miller* v. *Jones*, 32 Ark. 337.

Moreover, appellant does not deny that she signed the contract in controversy. She admits that the signature looks like her handwriting, and says that, if she signed it, she did not know what she was signing. Evidence tending to prove an undisputed fact in the case cannot be prejudicial. *Standard Life & Accident Insurance Co.* v. *Schmaltz*, 66 Ark. 588; *Maxey* v. *State*, 76 Ark. 276.

Appellant insists that the court erred in giving the following instruction: "The jury are instructed that the fact that the defendant had employed other counsel than plaintiff would not excuse defendant from the performance of her contract with plaintiff. If you find by a preponderance of the evidence that defendant entered into and signed a written contract and agreement to pay plaintiff a stipulated sum for his services, and plaintiff gave his services, he would be entitled to recover under the contract." Counsel for the appellant contends that this instruction left open for the consideration of the jury any character of service, and that by it, together with the refusal to admit the testimony of L. H. McGill and W. A. Dickson, the court took from the jury the defense of partial performance of the contract and the fair value of said partial services. We fail to perceive how the giving of this instruction or the refusal to admit the testimony referred to could affect the rights of appel-

lant. Appellee sued upon a written contract. The defense interposed was that appellant did not sign the contract, or that, if she did sign it, her signature was procured by fraud. Appellee based his rights solely upon the written contract. The written contract was the foundation of his action. He did not claim anything except by its terms. The question of part performance was therefore foreign to the issues in the case.

The question of whether or not appellant executed the contract, and, if so, whether or not her signature was procured by fraud, was submitted to the jury under appropriate instructions, which were not objected to by appellant, and it is the peculiar province of the jury to pass upon the weight of the evidence.

Affirmed.