STATE v. JIM LITTLE.

(Filed 21 November, 1917.)

1. **Courts—Jurors Set Aside—Exceptions to Jurors—Prejudice—Appeal and Error.**

   It is proper for the trial judge to stand aside a juror in a criminal action upon his statement that he would not convict upon the testimony of a certain witness of the State, relied on by it for conviction; but if otherwise, it would not be prejudicial, when it appears that defendant did not challenge any juror, and that, therefore, the jury determining the case was satisfactory to him.

2. **Criminal Law—Intimidating Witness—Suppression of Evidence.**

   Evidence in a criminal action that the defendant assaulted the prosecuting witness at the term the action was for trial is competent as an

effort to suppress evidence or intimidate the witness, and may properly be referred to in the charge to the jury.

### 3. Evidence—Corroboration—Conversations.

Testimony by a witness as to his conversation with the prosecuting witness is properly admitted when in corroboration of the latter's testimony, and so confined.

### 4. Criminal Law—Trials—Witness—Cross-examination.

While the solicitor, in the trial of this criminal action, may have prefaced his questions to defendant with remarks which properly should have been reserved for his address to the jury, such as, "Now, tell the truth about this, if you know how," etc., his method in so doing is *Held* not to exceed the legitimate bounds or to constitute reversible error.

### 5. Motions—New Trials—Verdict—Court's Discretion.

A motion for a new trial after verdict on the ground that a petit juror in the case had also served on the grand jury is to the discretion of the trial judge, and not reviewable on appeal.

### 6. Motions—Jurors—Verdict—New Trials—Court's Discretion.

Where it appears that the trial judge had on the preceding day stated to several jurors who stood for an acquittal of a defendant of violating the prohibition law, that "they hindered the machinery of justice in holding out against a verdict of guilty," etc., it affords no legal ground to set aside a verdict convicting the defendant of a like offense in an unrelated case, when none of the evidence in the former case appears of record; and when made after verdict, it is to the unreviewable discretion of the trial judge.

APPEAL by defendant from *Long, J.,* at the July Term, 1917, of RICHMOND.

The defendant was convicted of selling intoxicating liquor to W. E. Reynolds, and appealed from the judgment of imprisonment upon the verdict.

*Attorney-General Manning and Assistant Attorney-General Sykes for the State.*

*Fred W. Bynum and Ozmer L. Henry for defendant.*

ALLEN, J. 1. A juror was called and stated upon his examination that he would not convict any one on the testimony of W. E. Reynolds, the witness upon whom the State had to rely for a conviction, and the court, in the exercise of its discretion, excused him from service on the jury, and the defendant excepted. This ruling is clearly correct (*S. v. Vann,* 162 N. C., 538), but if erroneous it was not prejudicial, as it does not appear that any juror was challenged or that the jury which served was not one entirely satisfactory to the defendant. *S. v. Cunningham,* 72 N. C., 469.

2. The State was permitted to prove, over the objection of the defendant, that the defendant made a violent assault on the prosecuting witness, Reynolds, during the term of court, and this was referred to in the charge, to which defendant excepted.

This evidence was competent on the question of the guilt of the defendant as a circumstance tending to show an effort to suppress evidence or to intimidate a witness against him.

3. The evidence of Baldwin as to a conversation with the witness, Reynolds, was properly admitted as corroborative, and to this his Honor confined it.

4. The fifth, sixth, and seventh exceptions are taken to the solicitor's manner of questioning the defendant on cross-examination, the objectionable remarks being as follows:

"Now, tell me the truth about this, if you know how."

"Now, Mr. Little, I want you to answer this question; you have been dodging me."

"Come on, and tell me what trouble you had."

These remarks preceded the various questions the solicitor asked the witness, and while they may not have been altogether polite and are in the nature of comments, which ought to have been reserved for the argument before the jury, they do not exceed the bounds of legitimate discussion and cannot be held reversible error.

5. After verdict, the defendant moved for a new trial because a member of the petit jury was a member of the grand jury which passed on the bill of indictment against him, which was denied.

This motion was addressed to the discretion of the judge, and his decision thereon is not reviewable.

"It has always been held by us that a motion to set aside the verdict because of a defect as to one of the jurors comes too late after verdict, and addresses itself only to the discretion of the court. *Walker, J.,* in *S. v. Lipscomb,* 134 N. C., 697. In that case it was shown that the juror was under 21 years of age. In *S. v. Maultsby,* 130 N. C., 664, the same ruling was made where a relationship was discovered, after verdict, between the prosecuting witness and a juror, and the court there cited many other cases where a disqualification of a juror on divers grounds had been found after verdict, and in all which cases the court held that the matter rested in the discretion of the trial judge, and that the refusal of the motion was not reviewable on appeal." *S. v. Drakeford,* 162 N. C., 671.

6. The defendant also moved to set aside the verdict because, on the day before the trial of the defendant, his Honor said to five jurors who had stood for the acquittal of one Hinson, charged with retailing, that "they hindered the machinery of justice in holding out against the verdict of guilty, but that if the position they took was taken by reason of

their conscientious judgment in the matter, that he had respect for them and that they were entitled to their judgment; and further suggested to the five men who stood for acquittal that if there was any reasons arising out of prejudice or opposition to the law why they should not return a verdict of guilty in a retailing case, that the court would relieve them of further duty from that date, but that if it was a mere question of judgment, that they could return; that the matter was left with them."

No relation is shown between the two cases, none of the evidence in the *Hinson case* is set out, nor are the circumstances shown which caused the remarks to be made, and we cannot see that they were not entirely justified. In any event, the defendant knew all the facts before the trial began, and he could not wait until after verdict and then bring the matter to the attention of the court for the first time, except by an appeal to its discretion, which is not reviewable.

We have considered all of the exceptions, and find no error.

No error.