[Crim. No. 788.   Third Appellate District.—September 23, 1924.]

## THE PEOPLE, Respondent, v. JACK MURPHY, Appellant.

[1] CRIMINAL LAW—UNLAWFUL SALE OF INTOXICATING LIQUORS—DISMISSAL OF JUROR — REMARKS OF JUDGE — EVIDENCE — ABSENCE OF PREJUDICIAL ERROR.—In a prosecution for the unlawful sale of intoxicating liquors, the remarks of the trial judge during the *voir dire* examination of a juror to the effect that he would not permit anybody to sit on the jury who says that he does not believe in the enforcement of the law, and the dismissal of such juror from further service, cannot be held to have been prejudicial to the rights of the defendant, where it is scarcely conceivable that the jury would have brought in any other verdict than the one of guilty, and any other verdict under the evidence would have been a clear miscarriage of justice.

[2] ID.—IMPROPER CROSS-EXAMINATION—EFFECT UPON JUDGMENT.—In such prosecution, where on cross-examination of the defendant the district attorney was permitted to ask a number of questions mainly directed to immaterial matters, the failure to sustain objec-

1. See 8 Cal. Jur. 611; 26 R. C. L. 1026.
2. See 8 Cal. Jur. 621; 2 R. C. L. 250.

tions to such questions as not being within the purview of direct examination affords no ground for reversal in view of the evidence calling for defendant's conviction.

---

(1) 17 C. J., p. 292, sec. 3632, p. 295, sec. 3637, p. 339, sec. 3688, p. 342, sec. 3689 (Anno.), p. 362, sec. 3732.   (2) 17 C. J., p. 316, sec. 3659.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clifford A. Russell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of the unlawful sale of intoxicating liquors and appeals to this court from the judgment based upon such conviction and the denial of his motion for a new trial. The principal assignment of error consists in the allegation that the trial court permitted such errors during the course of the examination on *voir dire* of one C. H. Chenoweth as to preclude the defendant from having a fair and impartial trial.

During the cross-examination of such juror the following took place:

"Q. Have you any bias or prejudice against the enforcement of the Prohibition Law, Mr. Chenoweth?

"A. Yes, sir.

"Q. And is your bias or prejudice against the enforcement of that law such that it would cause you to be unable to act fairly and impartially between the People of the State of California on the one side and this defendant on the other?

"A. No, sir; I don't think it would. As a juror, I would have to consider my oath and weigh the testimony and render a decision accordingly.

"The Court: Q. But you said, Mr. Chenoweth, that you had a bias against the enforcement of the Prohibition Law?

"A. Not the enforcement—I didn't understand it that way. . . .

"A. I misunderstood that question, or I said nothing against the Prohibition Law, and I have no bias against the enforcement of any law of the country.

"Question by Mr. Henderson: Q. You believe in the enforcement, then, of the Prohibition Law, the same as any law that is upon the statute books, Mr. Chenoweth?"

"A. Yes; I do.

"Q. But you have a feeling of bias or prejudice against prohibition itself?

"A. I am against it; yes, sir."

Further questions along the same line and then the following:

"Q. Well, you have a right to not like a law, but when it becomes a law, it is your duty, as a citizen, to believe in the enforcement of the law.

"A. I do believe in the enforcement of the law.

"Q. But you answered the question of the district attorney, when he first asked you, that you did not believe in the enforcement of it?

"A. Well, I got my tongue twisted. I believe in the enforcement of this law.

"The Court: You will be excused from jury duty. Any man that don't believe in the enforcement of the l᛬ᴠ ᛬ of the country is not qualified or fit to sit on the jury, and you will be excused from further duty. You will be excused from further duty.

"Mr. Russell: We desire to note exception to your Honor's ruling as to the juror, your Honor.

"The Court: Note your exception.

"Mr. Russell: Cite it as prejudicial error.

"The Court: You don't want any man that don't believe in the enforcement of the laws? The court will not permit anybody to sit on the jury that will get up and say they don't believe in the enforcement of the laws of this country.

"Mr. Russell: We also take exception to your Honor's remarks, and assign them as prejudicial error, having been made in the presence of the jurors or prospective jurors."

While the testimony shows clearly that no legal reason existed for the summary dismissal of Mr. Chenoweth from further jury duty and, also, further shows that while he was not in favor of prohibition, or, to put it another way, of the prin-

ciple of prohibition, nevertheless he was in favor of the enforcement of the law, and that as a juror he would do his duty. Nevertheless the transcript shows that a jury was finally accepted which was free from any legal disqualifications. The testimony set out in the transcript shows that three witnesses went to the place of business conducted by the defendant called Murphy's Inn, a roadhouse situated on the Stockton Boulevard some two miles south of the city of Sacramento, and purchased two rounds of drinks consisting of whisky from the defendant. The testimony of the three witnesses is without equivocation, direct, clear and convincing. The defendant went upon the witness-stand and in as few words as possible made formal denial. [1] Irrespective of what the trial court may have said upon the examination of the proposed juror as herein set forth, it is scarcely conceivable that the jury would have brought in any other verdict than the one which was returned. Any other verdict under the testimony set out in the transcript would have been a clear miscarriage of justice. This being the case, the remarks of the court and the dismissal of the juror Chenoweth from further service cannot be held to have been prejudicial to the rights of the defendant, though it may be admitted that such comments ought not to be made by a trial court.

[2] Upon cross-examination of the defendant the district attorney was permitted to ask a number of questions the objections to which should have been sustained as not being within the purview of direct examination, but those questions were mainly directed to immaterial matters, and in view of the testimony to which we have referred, afford no ground for reversal herein. Being of the opinion that there has been no miscarriage of justice in this case, irrespective of the errors committed, the judgment and order of the trial court will be and the same are hereby affirmed.

Hart, J., and Finch, P. J., concurred.