[Crim. No. 1013.   Third Appellate District.—January 25, 1928.]

THE PEOPLE, Respondent, v. O. A. MARTINSON et al., Appellants.

618

W. F. Cowan and J. O. Kroyer for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendants were convicted, after trial, upon an information charging them with acts tending to contribute to the delinquency of a minor child, interposed a motion in arrest of judgment, and also a motion for new trial, both of which were denied. The information in this case is word for word with that set out in the case of *People* v. *Perfetti, ante*, p. 609 [264 Pac. 318], save and except it charges the sale of "Jackass" brandy. All of the objections considered in the Perfetti case are presented in this case. No demurrer was filed and the objections are raised on a motion in arrest of judgment. The conditions are exactly the same as in the Perfetti case, and the authorities there cited and the reasons there stated apply, and upon the authority of the Perfetti case we hold that the objections sought to be raised upon this appeal are untenable, all having been waived by failure to demur.

In addition to presenting the same technical objections as were presented in the Perfetti case, the defendants upon motion for a new trial in this case sought to raise the objection that the trial court was guilty of such misconduct as prevented the defendants from having a fair and impartial trial. It appears that the case of *People* v. *Perfetti* had been tried preceding the trial of the Martinson case, and that upon the day set for pronouncing sentence in the Perfetti case, the trial court, in pronouncing judgment, referred to the testimony of one of the witnesses in the Perfetti case, to wit, a witness by the name of Guenza, as having been palpably false, and pointed out the particulars showing the falsity of such testimony, and referred to the attorneys in the Perfetti case in language indicating that intelligent attorneys ought to have known of the falsity of the defense. This is the substance of the trial court's language in commenting upon the testimony in the Perfetti case. The affi-

davit to which we have referred, omitting the remarks of the court, is in the following words and figures:

"State of California, } ss.
County of Sonoma,

"O. A. Martinson and Ione Martinson, being first duly sworn, each deposes and says:

"That Affiants state that the trial of the above entitled cause was commenced November 10th, and at the close of court on said day continued by consent of all parties until Monday, November 14th, 1927, at the hour of 10 o'clock A. M. That at the hour of 10 o'clock A. M. Nov. 14th, 1927, affiants and their counsel and the jurors empanelled in the above entitled cause were present in court and sitting in seats in the courtroom within the hearing of the judge, as spectators. That promptly at ten o'clock of said last day, said court called the case of the *People of the State of California* vs. *C. Perfetti,* who had been convicted in said court on the 9th day of November, 1927, of a misdemeanor in furnishing to a minor under the age of twenty-one years intoxicating liquors, thereby contributing to the delinquency of said minor at said time and place the court made the following statement from the bench: . . . That said statement was made by said court in the present of the jury empanelled and sworn to try the cause of which these defendants was accused, and all of said jurors did hear the statements so made by said court.

"That upon the conclusion of said remarks and the pronouncing of judgment against said defendant C. Perfetti in said action above mentioned, the court directed the members of the jury sitting in the trial of these defendants to take their place in the jury-box. That thereupon these defendants offered evidence of themselves and another witness to prove that the said defendant O. A. Martinson did not see and that said Wallace Cordray was not in the presence of said O. A. Martinson at the time of said alleged sale of liquor, and that said defendant Ione Martinson testified in her own behalf that she refused to sell any liquor to the said Wallace Cordray, and the testimony of said affiants consisted substantially of a denial of the testimony of the said Wallace Cordray, and these affiants had and there was no other evidence which was known to them which could be offered in

support of their defense. The foregoing affidavit is made in support of the motion of defendants for a new trial herein.

"Wherefore, affiants pray that their action for new trial may be granted.

"O. A. MARTINSON.

"IONE MARTINSON."

The witness Guenza was not called as a witness in the Martinson case. The affidavit is absolutely silent as to whether the defendants did or did not desire to use the testimony of the witness Guenza. There is nothing in the affidavit which we have set forth, nor is there anything in the record in the Martinson case indicating that the attorneys in the Martinson case were the attorneys representing the defendant in the Perfetti case. There is nothing in the affidavit nor is there anything in the record indicating that the jurors in the Martinson case knew who the attorneys were in the Perfetti case. Upon oral argument herein it was stated that the attorneys were the same, but this court is bound by the record and not by oral statements. We call attention to the further fact that there is not a word in the affidavit nor a word in the record tending to show that the jurors referred to in the affidavit were influenced in any particular by the remarks of the court. No objection was made at the time, and whatever of merit, if any merit at all there be in the appellant's contention in relation to the remarks of the court, the record shows that the appellants sat idly by and were willing to take their chances upon the result of the trial before the jury already impaneled. Even though the question were presented to us in such form that it might be considered, there are many authorities which would justify holding the objection raised by the affidavit untenable. In the case of *Johnson* v. *State*, 59 Ga. 189, in considering remarks of the trial court upon a charge to the grand jury, in the presence of trial jurors, the supreme court of that state said: "The charge to the Grand Jury was proper. It was right to exhort them to put down crime. That is their business as the Grand Inquest of the county, and the only criticism that can be made upon the whole affair is that the judge spoke of the presence of the traverse jury and painted the class of offenders to which this defendant seemed to belong."

We will not extend this opinion by consideration of the cases cited in the memorandum of authorities submitted by the district attorney of Sonoma County, but will simply cite them as supporting the contention that the defendants have not suffered any prejudice by reason of the remarks of the trial court: *Landthrift* v. *State*, 140 Ala. 114 [37 South. 287]; *People* v. *Threewit*, 251 Ill. 509 [96 N. E. 242]; *State* v. *Little*, 174 N. C. 793 [94 South. 97]; *People* v. *Murphy*, 68 Cal. App. 738 [230 Pac. 21]. While the testimony is conflicting, it contains sufficient, if believed by the trial jury, to amply support the verdict. It cannot be assumed that the remarks of the court in referring to the testimony of a witness in a different case and to the testimony of a witness not called in this case or to the attorneys in the Perfetti case not shown by the record to be the same attorneys as were engaged in the Martinson case, affected the jury in its decision of the cause now under consideration.

Thus, the record not showing that the defendants were accorded other than a fair and impartial trial, the order and judgment of the trial court are affirmed.

Hart, J., and Finch, P. J., concurred.