## HASS v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
February 25, 1929.

Rehearing Denied March 28, 1929.

No. 5631.

Frank J. Hennessy, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and George M. Naus and William A. O'Brien, Asst. U. S. Attys., all of San Francisco, Cal.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The appellant was convicted upon an indictment which charged him, his wife, and Solomon Badwee, his father-in-law, jointly with the offense of selling and dispensing opium not then and

there in or from the original stamped package containing the same, and with feloniously concealing, buying, selling, and facilitating the transportation and concealment of a certain preparation of smoking opium.

Error is assigned to the refusal of the court below to permit the appellant's wife to be sworn and to testify as a witness on his behalf. We need not pause to consider the question whether or not the appellant's wife was a competent witness in his behalf, for it is fatal to the contention which he now makes that no offer was made to show what was expected to be proved by the witness. See the recent decision of this court in Romeo v. United States, 24 F.(2d) 527, and authorities there cited, especially Herencia v. Guzman, 219 U. S. 44, 31 S. Ct. 135, 55 L. Ed. 81.

The assignment of error principally relied upon is that at the close of all the evidence in the case the court below denied a requested instruction to the jury to return a verdict of acquittal on the ground that the evidence was insufficient to sustain a verdict of guilty. The insufficiency of the evidence is said to consist in the fact that the only testimony against the appellant was furnished by his codefendant Badwee; that Badwee was an accomplice, and admittedly became a witness for the prosecution on a promise of immunity from punishment and for the purpose of escaping the consequences of his complicity in the acts with which appellant was charged. The opium was found in the basement of the residence occupied by Badwee together with appellant and his wife. Badwee testified that the opium was placed on the premises by the appellant, and that for many years the appellant had been in the habit of storing in the basement opium which he brought there and which belonged to him, and for which privilege he had paid to Badwee at different times various sums of money. The appellant testified denying ownership or possession of the opium, and denying that he had any knowledge of the storage of opium on the premises at any time. The trial court charged the jury that the testimony of an accomplice is always to be received with caution and weighed and scrutinized with great care. That a conviction may rest upon the uncorroborated evidence alone of an accomplice is now well settled. Caminetti v. United States, 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Wigmore on Evidence, § 2056; Wharton, Crim. Ev. (10th Ed.) § 439. The appellant cites Sykes v. United States (C. C. A.) 204 F. 909 in which it was held that the uncorroborated, contradicted testimony of a confessed criminal induced by hope of immunity, that the accused, who was not present when the crime was committed, was an instigator thereof, does not constitute substantial evidence of that fact which will sustain a conviction. The decision in that case was rendered prior to the ruling in the Caminetti Case, and in its facts the case differs substantially from the case at bar, in that there the accused was not present at the commission of the crime, and the testimony of the accomplice was contradicted by three other witnesses and also by her own testimony under oath. In the present case there was no evidence to disconnect the appellant from the place of the commission of the offense, for he was living on the premises where the opium was found, and there was evidence that, when arrested, he stated that he lived there, that he owned the place, and that he had lived there for some time. Testifying on his own behalf, he admitted familiarity with the basement and his knowledge that wood, coal, and old furniture and stuff were piled up there, that there were two entrances to it, and that in fact he assisted in building the house. We are not convinced that his motion should have been allowed.

It is said that it was error to permit the attorney for the United States to interrogate Badwee concerning a written statement which he had made on the day preceding the trial of the case. Badwee had testified that he had made a written statement to the district attorney and that the statement was shown to him after it had been reduced to writing; that he signed it after it had been read to him. It is objected that the purpose of these interrogatories was to bolster up Badwee's testimony by showing that he had made a prior statement identical therewith. The answer to the contention is that the writing was not offered or received in evidence, and no proof was made of its contents, and no prejudice is shown from the examination of the witness in regard to it.

It is contended that it was error to permit Badwee to answer questions concerning an assault upon him by the appellant shortly before the trial, in which Badwee testified that he told the appellant he was going to tell the truth and the latter hit him, swore at him, and called him "all kinds of names." It is argued against the admission of this testimony that it had the effect to show the commission by the appellant of an offense of which he was not accused and to prejudice him before the jury. We think that while

the probative effect of the assault thus brought to light may have been but slight, it had some tendency to connect the appellant with the commission of the offense with which he was charged in the indictment, and was therefore admissible. An exception to the rule which excludes evidence of other offenses is made in those cases in which the evidence offered has a natural tendency to corroborate or supplement admitted direct evidence, People v. Thompson, 212 N. Y. 249, 106 N. E. 78, L. R. A. 1915D, 236, Ann. Cas. 1915D, 162, and it may be shown against the accused as an incriminating circumstance that prior to the trial he assaulted a witness who was to testify against him, 16 C. J. § 1075; Bowman v. United States, 59 App. D. C. 90, 267 F. 648; Maxey v. State, 76 Ark. 276, 88 S. W. 1009; Love v. State, 35 Tex. Cr. R. 27, 29 S. W. 790; State v. Little, 174 N. C. 793, 94 S. E. 97; Wilhite v. Commonwealth, 203 Ky. 543, 262 S. W. 949. It is to be observed that in the case at bar the assault upon the witness was provoked, not by the expression of his purpose to accuse the appellant of crime, but by the declaration of his intention to tell the truth, and the jury might well have inclined to the inference that it was solely on account of his purpose to tell the truth that he was assaulted.

The judgment is affirmed.