### Road District Number 5, Plaintiff in Error, v. The County of Wabash, Defendant in Error.

MANDAMUS—*to compel construction of bridges over drainage ditches.* A petition for writ of *mandamus* to compel a county board in a county not under township organization to reconstruct two bridges over drainage ditches destroyed by a flood, is sufficient to require the defendants to answer thereto, where it avers that such drainage ditches were constructed along a natural water channel, even though the petition is not very specific as to the increased necessity, if any, for the bridges by reason of the construction of the drainage ditches.

*Mandamus.* Error to the Circuit Court of Wabash county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded with directions. Opinion filed June 27, 1912.

P. J. KOLB and GEORGE P. RAMSEY, for plaintiff in error.

H. M. PHIPPS, for defendant in error.

FOURTH DISTRICT—JUNE, 1912.     307

Road Dist. No. 5 v. County of Wabash, 173 Ill. App. 306.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

This is a petition for writ of *mandamus* filed by plaintiff in error against the defendant in error to require it to construct two bridges over drainage ditches that were constructed along a natural channel, or water course, in said county; and averring that such drainage ditch carried along through said natural water course water which naturally passed in that direction and through said natural channel and water course. That plaintiff and defendant in the years 1909 and 1910 constructed bridges across said drainage district at that point and that one of said bridges was of about the length of twenty-eight feet and cost three hundred fifty dollars, and the other was the length of about thirty-two feet and cost four hundred fifty dollars; that said bridges were located upon and within the limits of the public highway in said road district and were used by the public, and that both of said bridges during the month of September, 1910, were washed out and destroyed by a flood of water passing down and through said drainage ditches; that at this time there is no bridge across said drainage ditches within the line of said highway and that a public necessity exists for the construction of bridges along said highway and over said drainage ditches; that each of said bridges will cost to exceed one hundred dollars; that the county of Wabash is not under township organization and that plaintiff has demanded of it that it build said bridges, which it refused and neglected to do, and asks that a writ of *mandamus* directed to said county and to the Board of County Commissioners of said county commanding them to forthwith construct the said bridges, and each of them. To this petition the defendant in error filed a demurrer. The demurrer was sustained by the Circuit Court and the petition dismissed and the plaintiff in error brings the record of this case to this court and assigns as error, the ruling of the court in sustaining the demurrer to the petition.

308    Appellate Courts of Illinois.

Road Dist. No. 5 v. County of Wabash, 173 Ill. App. 306.

The language of this petition, as to the construction of the drainage district in and along the natural channel or water course, is not as specific as it might have been, in as much as it does not show how much, if any, the necessities for a bridge were increased by reason of the construction of the drainage ditch but we think it sufficiently appears, at least to require an answer to the petition, that the ditch was constructed in a natural water course. By section 177 of chapter 121, it provides, "That County Boards in counties not under township organization shall have charge and control of all bridges, the construction of which costs exceeding one hundred dollars, and the County Board shall, when the interest of the public requires it, build such new bridges as cost exceeding that sum."

It is insisted that in as much as this ditch constitutes an outlet to the waters of the drainage ditches that it is the duty of the drainage commissioners to construct these bridges and that this statute does not require a county of this class to construct bridges over ditches made by drainage districts regardless of whether the ditch wholly artificial or whether the ditch is constructed in and along a natural water course. In the case of Drainage Commissioners v. Highway Commissioners, 220 Ill. 179, it is said, "There are material and important distinctions between that action of trespass for the alleged wrongful removal by drainage commissioners of a bridge over a natural water course on or near a county line between two counties not under township organization, which were under a duty of maintaining a bridge over such water course and where the object of removing the bridge was to provide for an increased flow of water in such water course, and this action of debt for the recovery of the cost of a purely artificial ditch where no natural water course ever existed and where there had been no bridge nor any duty to maintain one, and the ditch was for the sole and exclusive benefit of a drainage district constituting not more than

FOURTH DISTRICT—JUNE, 1912.        309

Road Dist. No. 5 v. County of Wabash, 173 Ill. App. 306.

three-eighths of the territory of the two towns, which
is presumed by law to have been all the lands bene-
fited by the ditch.'' Again in the case of Heffner v.
Cass & Morgan Counties, 193 Ill. 453, the court says:
''Counsel make the further point that the drainage
amendment to the constitution expressly provides that
the cost of the drainage work shall be paid for by
special taxation upon the property benefited thereby,
and that it is a necessary implication that a county or
a town cannot be compelled to levy a general tax to
pay for the building of a bridge on a public highway,
rendered necessary by the work of the drainage com-
missioners.  We do not understand, that by effect of
this statute any part of the cost of the drainage work
is imposed on the county, nor is any part of its rev-
enues disposed of for the benefit of the drainage dis-
trict.  The cost of removing the bridge was a part of
the cost of the drainage work, and that was paid by
such district out of its fund derived from special as-
sessment on the lands benefited.  But it does not ap-
pear that the building of a new bridge was of any spe-
cial benefit in draining the lands of the district.  It
was of general benefit to the public, and the cost of it
might well be required to be paid out of the public
revenues of the county.''  The case last above cited
was an action brought to recover from the drainage
district the value of a new bridge which it was neces-
sary to build after the drainage district had enlarged
the channel, and in enlarging the channel they had re-
moved and destroyed the old bridge.

It is obvious from these decisions that a distinc-
tion is made as to the construction of a bridge over a
drainage ditch that is purely artificial, and over one
that is constructed in and along a water course; and
this is borne out by the case of the People v. F. & T.
R. R. Co., 252 Ill. 374.  Counsel for defendant in error
insists that the case of the Highway Commissioners
v. Drainage Commissioners, 246 Ill. 388, is conclusive
of this question.  We do not so regard this opinion for

310    APPELLATE COURTS OF ILLINOIS.

Road Dist. No. 5 v. County of Wabash, 173 Ill. App. 306.

it is said, on page 393: "The question here, therefore, is not whether the Commissioners of Highways could have been originally, by a writ of *mandamus,* required to widen said drain and rebuild said bridge on the ground that said bridge spanned a natural waterway and the outlet across said highway and through said bridge was insufficient to carry the waters of said district, as was the case in C. B. & Q. Railway Co. v. People, 212 Ill. 103, but the question here is to be decided is, the drainage commissioners having gone upon a public highway which was properly bridged and removed the bridge and enlarged and repaired the drains of the district, could such drainage commissioners be required, by *mandamus,* to reconstruct said bridge and repair said highway? The drainage commissioners having undertaken to make a change in the highway at the point where the drains of the district cross the highway, by widening and deepening the drains of the district, it was the duty of the drainage commissioners, when the repairs were completed, to restore the bridge and highway to a condition which would make the highway fit for public use as a highway."

The petition in this case shows that the bridges were destroyed by a flood and that the drainage commissioners are not in the least to blame for their destruction, and we think there is sufficient in the petition to require the defendant to answer it and it can then be determined whether or not the drainage ditch was an artificial ditch or a natural water course. The judgment will be reversed with directions to the Circuit Court to overrule the demurrer and require the defendant to answer the petition.

*Reversed and remanded with directions.*