Road District No. 3 v. Drainage District No. 10, 186 Ill. App. 611.

---

## Road District No. 3, County of Wabash and State of Illinois, Appellees, v. Drainage District No. 10, County of Wabash and State of Illinois, Appellant.

1. MANDAMUS, § 136*—*sufficiency of petition to compel drainage district to replace bridges.* A petition for a writ of mandamus to compel a drainage district to replace and rebuild three bridges made necessary by the prosecution of work of the district, *held* not defective on demurrer for the reason that it did not state the material of which the bridges should be constructed, nor because there was no allegation that the drainage district has the means with which to build said bridges.

2. MANDAMUS, § 172*—*certainty of judgment.* A judgment in a proceeding for mandamus to compel a drainage district to build bridges, commanding the district to forthwith build certain bridges and necessary approaches thereto, described in the petition, *held* sufficiently certain as to what bridges and approaches were referred to.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Wabash county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

E. B. GREEN and THEO. G. RISLEY, for appellant.

H. M. PHIPPS, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellees, Road District No. 3 of the County of Wabash and State of Illinois and E. M. Dean and E. G. Case, taxpayers in said district, filed a petition for a writ of mandamus against Drainage District No. 10 of the same County and State, appellant, to compel said drainage district to construct three certain bridges in said road district.

The original petition filed by appellees was demurred to and the demurrer sustained, after which an amendment was filed. The petition as amended alleged that there were three bridges crossing three public highways in said road district which it was necessary to replace with new bridges and that the cost of building and replacing each of the same would cost one hundred dollars; that said drainage district was organized under an act of the General Assembly of the State of Illinois, entitled, "An act to provide for drainage for agricultural and sanitary purposes, etc.," in force July 1, 1885, and amendatory enactments thereto, commonly known as the Farm Drainage Act; that appellant cut a certain drainage ditch across and through the public road of said Road District No. 3 and thereby rendered said road impassable and impaired for public use; that it thereby became the duty of said drainage district to replace and rebuild said bridges and to keep and maintain the same in such condition that they might be serviceable to the public at the places over said drainage district where the drainage ditch crosses said public road; that said bridges were necessary by reason of said ditch having de-

stroyed and impaired the use of the public highways at the places where it crosses the same; that said ditch was not cut by said drainage district in a natural water course. The petition then designates three places in said drainage district where the ditch crosses the highway, and where, by reason thereof, bridges and approaches are necessary to be constructed, specifying in each case the width of the ditch and the length of the bridge necessary at that point and further aver that they have demanded of appellant's drainage commissioners that they construct and build said bridges and that said commissioners wholly neglect and refuse to build the same or either of them, claiming that it is not their legal duty to construct said bridges, but that it is the duty of the road commissioners to build and construct the same at the expense of said road district. Appellees therefore pray that a writ of mandamus may be issued directed to said drainage commissioners, commanding said drainage district forthwith to build and construct said bridges and each of them and that such further order may be made in the premises as justice may require. Appellant demurred to the amended petition and its demurrer having been overruled, it elected to stand by the same, and afterwards a judgment order was entered by the court, directing a peremptory writ of mandamus to issue, commanding appellant to forthwith build the bridges and necessary approaches thereto described in the petition and that appellee have and recover of appellant its costs and charges in the case.

Appellant claims that the amended petition was insufficient for the reason that it does not appear therefrom whether it was its purpose to compel the drainage district to rebuild and restore the three bridges removed for the purpose of cutting the ditch across the three highways or to compel the construction of three bridges and approaches at points where there had been no bridges before the cutting of the ditch; and also because it did not state the particular kind or description of the bridges which it was the duty of the

drainage district to build nor the material which should be used in their construction. It is a familiar rule, as properly claimed by appellant, that a writ of mandamus ought not to be awarded unless the petition shall show a clear legal right to have the thing sought by it performed, and that it should be done in the manner and by the person or body sought to be coerced. *People ex rel. Rinard v. Town of Mt. Morris,* 145 Ill. 427; *Swigert v. County of Hamilton,* 130 Ill. 538; *Highway Com'rs of Yorktown v. People ex rel. Bonker,* 66 Ill. 339.

Section 40 of the Farm Drainage Act (J. & A. ¶ 4516) provides that "commissioners shall have the right to use any part of the right of way of any public highway for the purposes of the work to be done provided such use will not permanently destroy or materially impair such public highway for public use," and section 40½ (J. & A. ¶ 4517) further provides: "The commissioners shall have the power and are required to make all necessary bridges and culverts along or across any public highway or railroad which may be deemed necessary for the use or protection of the work."

In the case of *Highway Com'rs Town of Bement v. Lake Fork Spec. Drain. Dist. Com'rs,* 246 Ill. 388, it was held under the provisions of the statute above referred to that where drainage commissioners undertake to make a change in a highway where the drains of the district cross the highway by widening and deepening the drains of the district, it is the duty of the drainage commissioners when the repairs were completed to restore the bridge and highway to a condition which would make the highway fit for public use as a highway; and the fact that in restoring the bridge it would be necessary to lengthen it so that it would span the increased width of the drain would not relieve the drainage commissioners from the duty of rebuilding said bridge. The petition in the case before us stated that there were three bridges crossing

public highways in the drainage district, which were necessary to be replaced and rebuilt by reason of the work prosecuted by the drainage district. This language of the petition seems plainly to show that the bridges which had been at the places named had been removed, and under the authority of the case above referred to it was the duty of the drainage commissioners to restore said bridges and mandamus would lie therefor. We do not think it necessary that the petition should state the material of which the bridges should be constructed nor that the order of the court should provide therefor, as that is a matter which must be largely left to the discretion of the drainage commissioners. The further contention of appellant that the amended petition is defective because there is no allegation in it that the drainage district has the means with which to build said bridges and approaches and no tax assessment is demanded does not appear to us well founded. The drainage statute provides that before a ditch shall be dug the drainage district shall make estimates of cost connected with the work, and as such district is required to pay the expense of replacing bridges removed by it, such as those in question here, the estimate of the cost must include such work. In *Highway Com'rs Town of Bement v. Lake Fork Spec. Drain. Dist. Com'rs, supra,* it is said in speaking upon this subject: "A method, therefore, is found in the Farm Drainage Act whereby the drainage commissioners of a district organized under that act can obtain a fund with which to pay for constructing bridges over the drains of the district when they cross public highways, and the commissioners are authorized to use the public highways for the purpose of the work to be done, provided they do not permanently destroy or materially injure the highways for public use, and it is made the duty of the drainage commissioners to erect all necessary bridges along or across any public highways which may be necessary for the protection of the work and to keep the drains of the district in repair."

The amended petition in this case presented sufficient facts to warrant the court below in overruling the demurrer and in ordering the writ to issue.

It is further claimed by appellant that the judgment of the court below is too uncertain and indefinite to justify its enforcement by the issuing of a peremptory writ of mandamus upon it. This objection is based upon the fact that the judgment order commands the drainage district to construct the bridges and approaches ''as described in the petition'' but that neither the bridges nor approaches are described in the petition. A reading of the petition, however, demonstrates that the location of the bridges and their necessary length are described and the construction of proper approaches is demanded. The details, like the material to be used and the manner of constructing the bridges and approaches, must, as above indicated, be to a large extent left to the discretion of the drainage commissioners and need not be set out with particularity.

It is also contended by appellant that the judgment is insufficient because it is not complete in itself, but refers to the petition for a description of the act required to be done, and in support of this contention, appellant refers to the *People ex rel. Village of Burnham v. City of Chicago,* 146 Ill. App. 623, where it is said: ''The judgment in mandamus is like the judgment in any other proceeding at law. It should be clear and complete in itself. 'The respondent should not be required to look beyond the writ to ascertain the precise acts which he is required to perform.' '' This is undoubtedly the general rule, and the only question is as to its application. In the case last referred to, the judgment provided that the writ should issue when a certain notice was given by the relator, a village, that it was ready to receive water which it was demanded should be furnished to it. The court there held that this judgment was not complete and that it left the defendant at the mercy of the relator,

which might serve the notice when it was not ready to receive the water and no practical or substantial benefits would follow, and also left it to the judgment of the clerk of the court to determine the sufficiency of the notice and the service thereof. In this case, however, the judgment commands appellant to forthwith build the bridges and necessary approaches thereto, described in the petition. It may reasonably be supposed that the writ when issued would describe the bridges and approaches as set forth in the petition, but if they did not, but used only the language of the judgment, we think that sufficient in this case where the whole proceeding showed plainly what bridges and approaches were referred to, and where there was no controversy about what appellee was demanding in that regard. The judgment of the court below will accordingly be affirmed.

*Judgment affirmed.*