(No. 12822.—Judgment affirmed.)

THE PEOPLE *ex rel.* Road District No. 5, Appellee, *vs.*
JAMES E. HEDGES *et al.* Appellants.

*Opinion filed October 27, 1919.*

1. DRAINAGE—*when drainage commissioners must reconstruct and maintain bridge over public highway.* Where drainage commissioners in constructing a drainage ditch have destroyed a bridge over a public highway the law imposes a duty upon the drainage district to restore the highway for travel by reconstructing and maintaining the bridge.

2. SAME—*road commissioners have no authority to release the drainage commissioners from obligation to restore a bridge.* The commissioners of a road district can exercise only such powers as are conferred on them by statute, and they have no authority to enter into a contract with the commissioners of a drainage district whereby the road commissioners assume the obligation of restoring a bridge which the drainage commissioners have destroyed in constructing a ditch across a public highway.

3. SAME—*drainage commissioners may make additional assessment if without funds to re-build bridge.* If drainage commissioners are without funds to re-build a bridge which they have destroyed in constructing a ditch across a public highway the law affords them authority to raise the necessary money by an additional assessment.

APPEAL from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

A. NEY SESSIONS, and CHARLES E. FEIRICH, for appellants.

GEORGE B. BAKER, and WILLIAM S. DEWEY, (MILES SAFFORD GILBERT, of counsel,) for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

North Alexander County Drainage District was organized under the Levee act in 1910 and commissioners were duly appointed. The main ditch of the district, which the plans and profiles provided should have a fifty-foot base and a one-to-one slope on each side, with a fall of one and one-

tenth feet per mile, crossed a public highway known as the Cape Girardeau and Jonesboro road at a place where there was a bridge built and maintained by the road authorities. The parties are not agreed as to whether the bridge was over a natural stream or an artificial channel, but it is agreed the bridge was about fifty feet long and was used by the public traveling over the highway. The bridge was destroyed by the drainage commissioners and the stream or channel it crossed was enlarged so that a new bridge ten feet longer than the old one would be required. The drainage commissioners refused to build a new bridge across the drainage ditch, and the public was prevented from use of the highway at that place because the ditch could not be crossed there. A year or more after the drainage commissioners had removed the bridge, the People, at the relation of Road District No. 5, Alexander county, filed a petition for a writ of *mandamus* to compel the drainage commissioners to build and maintain a bridge along said highway at the point where the drainage ditch crosses said highway. The petition alleged the organization of the drainage district; that the main ditch crossed said highway, which had been maintained and used as a public road for thirty years; that at the place where the ditch crossed the public highway it was in a small creek, which was enlarged to meet the requirements of the drainage district; that a bridge over said stream, which was built and maintained by the road district authorities as part of the highway for use of the public, was removed by the drainage commissioners and a larger one would be required by reason of the enlargement of the channel, wherefore it became the duty of the drainage district to build and maintain a bridge over its ditch.

The answer of the drainage commissioners admits the organization of the drainage district and that they constructed the ditch across the public highway, but denies the ditch takes the place of a small creek where it crosses the road and alleges the bridge was over an artificial channel.

The answer admits the removal by the drainage commissioners of the bridge of the road district and that the ditch cannot be crossed by the traveling public, denies it is the duty of the drainage district to construct a bridge over its ditch but alleges that duty devolved upon the road district. The answer avers it was the duty of the drainage commissioners, before letting the contract for the work and before return of the assessment roll of benefits and damages, to endeavor to procure a right of way for the main ditch by agreement and procure releases of damages on account of the proposed work, and that under the direction of the county court the drainage commissioners on June 1, 1914, entered into a contract with the road district, which is set out in full in the answer. The substance of the agreement is that the road district was within the boundaries of the drainage district; that the plats, plans, profiles and specifications on file in the county court show the proposed ditches and levees in some instances cross public highways and run along and upon such highways within Road District No. 5; that said road district should be allowed in the assessment roll of benefits and damages one dollar, and that the drainage district should at its own expense provide a certain right of way for a public highway where the road was used for ditch purposes, remove therefrom all stumps, trees and underbrush and put it in fit condition for travel for use by the public perpetually; that the road district on its part agreed that upon the performance by the drainage district of its agreement the road district would accept the same in satisfaction of compensation and damages to the road district, including the necessary interruption of traffic while the ditches were being dug and the levees constructed. The answer avers the execution of said agreement was authorized by the highway commissioners of said road district at a regular meeting; that the drainage commissioners were authorized by the Levee act to make the agreement and that it was valid and binding upon both parties, and by

it the drainage district.is relieved from any obligation to build the bridge upon the performance of its agreement, and avers it fully and completely performed all of its part of the agreement; that the road district had accepted the benefit of said agreement more than a year before filing the petition. The answer further avers that July 7, 1914, and after the execution of said agreement, the commissioners' roll of benefits and damages was filed in the county court, wherein there was set down in proper columns the amount of damages allowed the road district; that a jury was empaneled, a hearing had and verdict returned, which was confirmed by the court, and that said road district, although duly notified as required by law, made no objection. The answer further avers the drainage district has no funds with which to construct a bridge and has no power to raise funds for that purpose unless directed by the county court to make an additional assessment. The answer denies it is the duty of the drainage district to construct the bridge, and avers the district can only respond in damages but cannot be compelled to replace the bridge.

The commissioners of the road district demurred to the answer, generally and specially. The court sustained the demurrer, and the drainage commissioners electing to stand by their answer, the peremptory writ of *mandamus* was ordered issued as prayed. The drainage commissioners appealed from the judgment.

Two principal questions raised are (1) whether, under the law, it was the duty of appellants to re-build the bridge or whether that duty rested on appellee; (2) whether, if the law made it the duty of appellants to build the bridge, by the agreement set out in the answer appellee released appellants from that duty. That in such cases the law imposes the duty upon the drainage district to restore the public highway for travel by reconstructing the bridge has been decided in *Highway Comrs.* v. *Lake Fork Drainage District,* 246 Ill. 388; *People* v. *Fenton and Thomson Railroad*

*Co.* 252 id. 372; *People* v. *Block,* 276 id. 286; *Brougher* v. *Lost Creek Drainage District,* 277 id. 156.

It is earnestly contended that by the agreement set out in the answer appellee voluntarily assumed the obligation of building the bridge and released appellants from any liability on that account. It is insisted that the Levee act, under which the drainage district was organized, authorized appellee and appellants to enter into said agreement, and that it is a valid and binding agreement. We do not construe the agreement to be intended as a release of damages by appellee on account of the destruction of the bridge and an agreement on its part to assume the obligation and burden of replacing it. That does not seem to us to have been within the contemplation and intent of the parties. Even if it was, it was beyond the power and authority of road commissioners, who are statutory officers and can exercise only such powers as are conferred on them by statute. (*Ohio and Mississippi Railway Co.* v. *People,* 123 Ill. 648; *Townsend* v. *Gash,* 267 id. 578.) Highway commissioners have no authority to levy a tax to build a bridge in such cases but that burden must be borne by the drainage district. (*Highway Comrs.* v. *Lake Fork Drainage District, supra; People* v. *Fenton and Thomson Railroad Co. supra.*) The law imposed the duty upon appellants to restore the bridge, and appellee had no power or authority to enter into a contract that it would assume that obligation and relieve appellants therefrom.

It is also objected that the judgment was erroneous for the reason that the answer averred, and the averment was admitted by the demurrer, that appellants were without funds to build the bridge. The law affords appellants authority to raise the necessary money by an additional assessment, if necessary. *Sny Island Levee Drainage District* v. *Shaw,* 252 Ill. 142.

Lastly, it is contended the court erred in ordering that appellants maintain the bridge. We understand the judg-

ment in this respect was in accordance with the law.  *High-way Comrs.* v. *Lake Fork Drainage District, supra.*

The judgment is affirmed.

*Judgment affirmed.*