(No. 13907.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ABOSAMRA GAZELLE, Plaintiff in Error.

*Opinion filed June 22, 1921—Rehearing denied October 18, 1921.*

1. CRIMINAL LAW—*when indictment for perjury in making false statement in bail bond is sufficient.* An indictment for perjury in making a false statement in a bail bond in a prosecution for burglary and larceny need not allege that any bail was fixed by the court and need not set forth in detail the complete record or proceeding with reference to fixing the amount of the bond, as the statute requires the court, on the return of the indictment in the burglary and larceny proceeding, to fix the bail, but the indictment for perjury should state that the offer of bail was given in a judicial proceeding of which the court had jurisdiction and that the false testimony was material on the point in question. (*Morrell* v. *People,* 32 Ill. 499, distinguished.)

2. SAME—*one assignment of perjury, if proved, is sufficient to sustain a conviction.* Where there are several distinct assignments of perjury upon the same testimony in one indictment it is sufficient if any one of them is proved, and in a prosecution for making a false schedule in a bail bond in a criminal proceeding proof that the defendant swore that he was the owner of certain described real estate of the value of $6000, whereas he had merely a contract for sale of the property, on which he had paid $500, is sufficient to justify a conviction.

3. SAME—*on a trial for perjury under the Bond act an instruction may refer to section 225 of Criminal Code.* Where a defend-

ant is indicted for perjury for making a false schedule as provided
in the Bond act of 1917, it is not error to give an instruction re-
ferring to section 225 of the Criminal Code, relating to perjury,
as being the statute under which the defendant is charged, as the
Bond act refers to the general perjury statute as the one under
which the defendant shall be punished.

WRIT OF ERROR to the Circuit Court of Sangamon
county; the Hon. E. S. SMITH, Judge, presiding.

S. H. CUMMINS, and CAREY E. BARNES, for plaintiff in
error.

EDWARD J. BRUNDAGE, Attorney General, C. F. MORTI-
MER, State's Attorney, and CHARLES E. SELBY, (EDWARD
PREE, and H. E. FULLENWIDER, of counsel,) for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a prosecution for perjury claimed to have been
committed by plaintiff in error, Gazelle, in making a false
and fictitious schedule of property when he offered to be-
come surety on a bond for Glenn Olson and Irene Kaplan,
who were under indictment for burglary and larceny in the
circuit court of Sangamon county. Plaintiff in error was
indicted for perjury in the circuit court of said county, and
on a hearing in that court he was found guilty of perjury
by a jury as charged in the indictment against him, and a
judgment was entered in that court on the verdict. This
writ of error has been sued out to review that record.

It is argued that the indictment should have been
quashed on motion because it did not charge that the court
had fixed the amount of the bail bond upon which plain-
tiff in error offered himself as surety, and also did not
charge that the surety must be worth double the amount
of the bond to be given, or that the presiding judge had
examined the surety on oath touching his sufficiency to qual-
ify on the bond. Section 7 of division 3 of the Criminal

Code, as amended in 1917, makes an express and mandatory requirement that the bail shall be worth double the amount of bail expressed in the recognizance, over and above all exemptions and liens. (Laws of 1917, p. 339.) Section 8 of the same act provides for an examination under oath of the person offering himself as surety on bond, by the court, judge or officer taking the bail, touching his sufficiency as bondsman, and may receive other evidence for or against the same in such manner as such court, judge or officer may deem proper. The legislature in 1917 passed an act also making it a criminal offense to make or suborn the making of false schedules under oath or to testify falsely as to the qualifications of sureties on bail bonds and recognizances and to provide a punishment therefor, providing, among other things, that any person having taken a lawful oath or made affirmation, "shall swear or affirm willfully, corruptly and falsely as to the ownership or liens or incumbrances upon or the value of any real or personal property alleged to be owned by the person proposed as surety or bail," shall be deemed and adjudged guilty of perjury and punished accordingly. (Laws of 1917, p. 215.) Section 225 of the Criminal Code provides: "Every person having taken a lawful oath or made affirmation, in any judicial proceeding, or in any other matter where by law an oath or affirmation is required, who shall swear or affirm willfully, corruptly and falsely, in a matter material to the issue or point in question, * * * shall be deemed guilty of perjury, * * * and shall be imprisoned in the penitentiary not less than one year nor more than fourteen years." (Hurd's Stat. 1917, p. 1000.) Section 1 of division 12 of the Criminal Code provides that when an indictment is found as a true bill, "if the offense is bailable, the court shall make an order fixing the amount of bail to be required of the accused." (Hurd's Stat. 1917, p. 1029.) Under this last provision of the Criminal Code, when the indictment for burglary and larceny was returned against

Olson and Kaplan in the circuit court of Sangamon county it became the duty of the court in that county to make an order under section 1 of division 12 fixing the amount of the bail to be required of the accused, and no offer by any-one to become bail or surety on the Olson and Kaplan indictment for burglary and larceny could be made and accepted in such proceedings until such order fixing bail had been entered by the court, such order being part of the judicial proceedings under the burglary and larceny indictment.

The indictment in this cause alleged, among other things, that on September 10, 1920, Abosamra Gazelle, alias Abo-samva Gazelle, in a criminal prosecution then and there pending in the circuit court of Sangamon county, "wherein the People of the State of Illinois were plaintiffs and one Harry Gilbert, one Glenn Olson, one Fay Olson, one Samuel Kaplan, one Irene Kaplan and one Dave Miller were defendants on the charge of burglary and larceny and receiving stolen property, the said court and the said judge then and there having jurisdiction in the said judicial proceeding and of the parties thereto, he, the said Abosamra Gazelle, then and there offered himself as bail and surety for the said Glenn Olson and Irene Kaplan in the said judicial proceedings aforesaid; that thereupon the said Abosamra Gazelle was then and there duly sworn by one Herman Goering, deputy clerk of said circuit court, duly appointed, qualified and commissioned, the said Herman Goering, deputy clerk aforesaid, having power and authority to administer the oath to the said Abosamra Gazelle touching his, the said Abosamra Gazelle's, qualifications and financial ability to become such bail and surety as aforesaid; that it became and was material to the said point in question to inquire whether the said Abosamra Gazelle was then and there possessed of property in the sum of $12,000 free from all liens, claims and incumbrances, and that thereupon the said Abosamra Gazelle being then and there duly sworn as aforesaid by the said Herman Goering, said deputy clerk

of the said court as aforesaid, and the said Abosamra Gazelle then and there having taken a lawful oath in the said judicial proceeding aforesaid, touching his, the said Abosamra Gazelle's, qualifications and financial ability to become such bail and surety aforesaid in the said judicial proceeding aforesaid, where an oath or affirmation was by law required, did then and there make a written statement under oath of his, the said Abosamra Gazelle's, circumstances and property, the same being material to the said point in question, and did then and there feloniously, willfully, corruptly and falsely depose, swear and testify in substance, among other things, that he was then and there the owner of the following described real estate located in the county of Vermilion, Illinois," thereafter describing the property, among other pieces "lot 12 and twenty feet off of the north side of lot 11, in Morgan's addition to the city of Danville, of the value of $6000," etc.

Counsel for plaintiff in error argue that the indictment is defective for the reason that it does not allege that at the time Gazelle offered himself for bail there was any amount of bail fixed by the court. The first allegation in the indictment above quoted alleges that Gazelle offered himself for bail to the court for Glenn Olson and Irene Kaplan in a certain judicial proceeding, to-wit, a criminal prosecution then and there pending in the circuit court of said county, wherein the People of the State of Illinois were plaintiff and Harry Gilbert and others, including Olson and Kaplan, were defendants, on the charge of burglary and larceny and receiving stolen property, the said court and the said judge then and there having jurisdiction in the judicial proceeding and of the parties thereto. In *People* v. *Ashbrook,* 276 Ill. 382, the court said (p. 385): "The purpose of describing in the indictment the proceeding in which the perjury was committed is to show that it was a judicial proceeding of which the court had jurisdiction and that the false testimony was material. A general description of

the proceeding is sufficient and it need not be set out in detail." The indictment here in question would seem to comply with the requirements of this holding in that case. The indictment was not insufficient in failing to allege that any bail was fixed by the court, as the statute clearly required the court, on the return of the indictment in the burglary and larceny proceeding, to fix the bail, and the indictment herein stated that this offer of bail was given in a judicial proceeding of which the court had jurisdiction, and also that the false testimony was material on the point in question. "The authorities are agreed that there are two methods of averring the materiality of the testimony upon which the perjury is assigned, in common use and recognized in practically all the courts of this country and of England, and are, first, that without setting out all the facts from which the court may see the materiality of the evidence, the particular matter or testimony is set out with the averment of the pleader that it was material; or, second, the pleader may so state the issues and the matters sworn to in which it is alleged the perjury is committed, that the court, from the averment of the facts testified about and the nature of the cause in which the testimony was given, can see that the testimony was material." (*People* v. *Threewitt*, 251 Ill. 509, and authorities there cited.) The indictment in this case was clearly drawn under the first method and met the requirements of the law in that regard.

Another argument of counsel for plaintiff in error is that the court did not require plaintiff in error to qualify in double the amount of bail fixed in the case of Glenn Olson and Irene Kaplan. The statute requires that the bail shall be worth double the amount expressed in the recognizance, and when the plaintiff in error offered himself as bail for Olson and Kaplan it became and was material to the issue (the issue being the qualification of the plaintiff in error to act as bail for the defendants named, Olson and Kaplan,) to determine under section 7 of division 3 of the

Criminal Code (Laws of 1917, p. 339,) that the bail should be worth double the amount of the bail expressed in the recognizance. It is alleged in the indictment that it became and was material to the point in question that this affidavit of plaintiff in error showed he was the owner of the real estate described therein, and one of the assignments for perjury is that in truth and in fact the plaintiff in error then and there well knew that he was not then and there the owner of the real estate described in the affidavit. The plaintiff in error testified in the circuit court in regard to the property that was described in the affidavit, and conceded that the only interest he had in lot 12 and the north twenty feet of the north side of lot 11, in Morgan's addition to the city of Danville, was a contract for the purchase of said lot, on which he had paid $500. Manifestly, the affidavit was intended to convey the meaning that he was the owner in fee of said lot, and therefore the provisions of the act with reference to giving a false schedule when applying to become surety on bond were violated by plaintiff in error in the making of the affidavit.

An attorney who had been counsel for plaintiff in error in other matters testified he made the contract for plaintiff in error with reference to the purchase of said lot, and that the contract had not been completed because of certain defects in the title that he had not as yet been able to rectify. It is argued by counsel for plaintiff in error that certain testimony given by this attorney as to the title to said lot was improperly admitted, because it was not shown that the attorney was qualified to give testimony on the point in question. If it be conceded for the purpose of this case that said attorney on this record was not shown to be qualified to give such testimony, we cannot see how it in any way injured plaintiff in error, as he himself testified that at the time he gave the schedule to qualify as surety the contract had not been completed and he only had an equitable title to the extent of $500 in the property. In the

indictment there are two assignments against plaintiff in error for perjury based upon the same affidavit: one that plaintiff in error was not the owner of the real estate as stated in the affidavit, and the other that he was not the owner of certain property in Springfield, Illinois, of the value of $12,000. It is well settled that if there are several distinct assignments of perjury upon the same testimony in one indictment, it will be sufficient if any one of them is proven. *Hereford* v. *People,* 197 Ill. 222, and cases cited.

The evidence in the record supports the finding of the jury as to the guilt of plaintiff in error under the indictment.

It is further argued by counsel for plaintiff in error that there is no allegation in the indictment that the affidavit made by plaintiff in error in applying to become surety on the bond was false. With this argument we cannot agree. The indictment, among other things, alleged that Gazelle then and there having taken a lawful oath in the judicial proceeding aforesaid, touching his, Gazelle's, qualifications and financial ability to become such bail and surety aforesaid, did then and there make a statement under oath of his circumstances and property, the same being material to the point in question, and did then and there feloniously, willfully, corruptly and falsely depose, swear and testify that he was the owner of the real estate heretofore described. The case of *Pollard* v. *People,* 69 Ill. 148, relied upon by counsel for plaintiff in error to show that this affidavit did not render plaintiff in error guilty of perjury, we do not consider in point on the question here under consideration, as we are here construing the statute of 1917 with reference to the giving of a false affidavit or schedule as to the ownership of property when applying to become surety on a bond. That statute was not then in force and therefore not under consideration in the *Pollard case.* Following the language of section 7 of division 3 of the Criminal Code, it was not necessary to set forth in detail in the

indictment the complete record or proceeding with refer-
ence to fixing the amount of the bond.

We do not consider the case of *Morrell* v. *People,* 32
Ill. 499, in point on this question though greatly relied on
by counsel for plaintiff in error. In that case there was
nothing in the indictment to show that a motion for a con-
tinuance was a part of the judicial proceeding then pend-
ing before the court, and if it was not a part of the judicial
proceeding, then any affidavit, false or true, could not in
any way be material to the matter in issue. A motion for
continuance is a matter which may or may not be a part
of the judicial proceeding in a certain case. There was no
requirement or duty imposed on the court in the case cited
to make such motion a part of the judicial proceeding until
such time as either party to the suit might desire, but in
the instant case it was not discretionary with the court, or
with counsel for either party, to fix the bail but a duty which
the law imposed upon the court, and where such a duty is
imposed the presumption is that each and every part of the
judicial proceeding is regular in form and has been com-
plied with and the bail fixed, and the allegation in the in-
dictment that in a certain judicial proceeding a schedule of
property was filed by plaintiff in error as surety on a bond
was a sufficient allegation with reference to the materiality
of the schedule. When the application was made to go on
the bond of Olson and Kaplan plaintiff in error was duly
sworn by the deputy clerk of Sangamon county, who was
duly qualified to administer the oath, (Hurd's Stat. 1917,
chap. 101, p. 2030; Hurd's Stat. 1917, secs. 8-10, p. 639,)
and executed an affidavit, which was introduced in evidence,
in which he stated under oath, as required by the statute
on bonds, that he was the owner of certain real estate there-
in described.

In our judgment the allegation in the indictment as to
the materiality of this schedule and the falsity of the affi-
davit with reference to the allegations therein, while not,

perhaps, as accurately described as might have been, was sufficient pleading to show that plaintiff in error was guilty of perjury as charged in the indictment.

Counsel for the plaintiff in error object to instruction 1 given on behalf of the People, which charged, under section 225 of the Criminal Code heretofore referred to, that plaintiff in error was guilty of perjury as therein charged, and it is contended that this was error, as plaintiff in error was not being tried under that statute. In this we think counsel are mistaken. Plaintiff in error was charged with perjury under the provisions of the Bond act, passed in 1917, for making a false schedule, and that statute provides that a person so guilty shall be punished for perjury. There can be no question that the Bond act refers to the general perjury statute as the one under which the person guilty shall be punished. Therefore there was no error in the giving of said instruction referring to section 225 of the Criminal Code.

Counsel also urge that the trial court erred in giving the second instruction for the People, as it stated purely a question of law to the jury. That instruction told the jury that if they believed from the evidence, beyond a reasonable doubt, that the defendant, Abosamra Gazelle, committed the crime of perjury as set forth in the indictment, then he should be found guilty. This instruction should not have been given. It was practically without meaning. It instructed the jury, in effect, that if they believed from the evidence that the plaintiff in error was guilty they should find him guilty. We cannot see how he was injured by the giving of it. Other instructions given properly defined the crime of perjury.

We find no reversible error in the record. The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*