## Robert Gard, Commissioner of Highways, Town of Pleasant Vale, Pike County, Illinois, Appellant, v. Rozel C. Dolbeare, Appellee.

1. ROADS AND BRIDGES—*when instruction as to damages for vacation of road is erroneous.* Compensation to the owner of land for the vacation of a road is to be determined as of the date of the filing of the petition, and, where the road in question was, prior to the petition, impassable because it was crossed by an unbridged drainage ditch, it was error to instruct that the measure of damages was the difference between what defendant's lands would be reasonably and fairly worth in the market with the road vacated and what they would be reasonably and fairly worth with the road restored to a condition suitable for public travel and maintained as a public highway.

2. DRAINAGE—*when district must erect bridge across ditch.* When the authorities of a drainage subdistrict cut its ditch across a public highway, it becomes the duty of the commissioners of the subdistrict to restore the road to a fit condition for travel, and, if such restoration requires the erection of a bridge, the duty of such erection devolves upon the drainage district.

3. OFFICERS—*presumption that officer will obey law and perform duty.* Whenever it is made to appear by the evidence that a duty is imposed upon a public officer by law, the presumption is that such officer will obey the law and perform such duty.

4. ROADS AND BRIDGES—*what evidence admissible in proceeding to assess damages for vacation of road.* In proceedings for the assessment of damages for the vacation of a road which, at the filing of the petition, was impassable because it was crossed by a drainage ditch, evidence that the drainage commissioners had taken steps toward the erection of a bridge was properly admitted.

5. ROADS AND BRIDGES—*what instruction proper in proceeding to assess damages for vacation of highway.* In a proceeding to assess damages for the vacation of a highway which, at the time the petition was filed, was impassable because it was crossed by a drainage ditch, the court properly instructed the jury that in arriving at their verdict they should assume that there was a public highway along and in front of defendant's improvements and that if such road was not vacated it would be maintained in a condition suitable for public travel, and that they had no right to assume that the drainage commissioners would not construct the bridge for which provision had been made or that the commissioner of highways would not maintain the road in a suitable condition after the bridge was constructed.

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed January 4, 1922.

L. T. GRAHAM and WILLIAM and BARRY MUMFORD, for appellant.

WILLIAMS & WILLIAMS, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Pike county awarding appellee $2,675 damages in a proceeding instituted for the vacation of a highway, in the Town of Pleasant Vale in said county. The cause was heard in the circuit court on appeal from a justice of the peace.

Appellee was the owner of about 148 acres of farm land in said town. The land was bounded on the west by a highway known as the West road, on the north by the road sought to be vacated and on the east by the drainage ditch of Kiser creek subdistrict of the Sny Island Levee Drainage district in which subdistrict appellee's farm was situated.

The road proposed to be vacated is a mile in length running from the west road to a north and south road east of the drainage ditch. The drainage ditch in 1917 was cut through the road in question leaving a cut 40 feet wide and 15 feet deep with levees 25 feet high. This cut has never been bridged and the road at this point has for that reason been impassable since 1917.

On the trial of the cause the court gave to the jury, at the instance of appellee, the following instructions:

"10.   The court instructs the jury, that if you shall find from a preponderance of the evidence that the defendant will sustain damage to his lands on account of vacating the road in question, then in determining the amount of said damage, you should take into consideration, in arriving at your verdict, the difference be-

tween the reasonable fair cash market value of the land in question with the road vacated and the reasonable fair market value of the land in question with the road restored to a fit condition for public travel.

"11.   The court instructs the jury that the measure of damages in this case, if you find the defendant will sustain damage by reason of vacating the road in question is the difference between what defendant's lands would be reasonably and fairly worth in the market with the road vacated and what the lands would be reasonably and fairly worth in the market with the road restored to a condition suitable for public travel and maintained as a public highway."

In *City of Chicago v. Farwell*, 286 Ill. 415, the Supreme Court held that the rule that compensation is to be determined as of the date of the filing of the petition had passed beyond the state of discussion and had become a fixed rule in this State.

At the time of the filing of the petition the road had not been restored to a fit condition for public travel, but was in fact impassable to the east of appellee's farm by reason of the drainage ditch. These instructions were therefore erroneous in not stating the correct measure of damages.

Upon the trial the court allowed appellee to prove over appellant's objections that the commissioners of the drainage subdistrict had made an estimate of $3,200 as the cost of the erection of a steel bridge at the intersection of the drainage ditch and the road in question, and that by order of the county court such estimate had been approved and an assessment covering such estimate ordered, and that such estimate was afterwards made and collected. At the instance of appellee the court gave the jury the following instructions:

"17.   The court instructs the jury that in arriving at your verdict in this case, you should assume that there is a public highway along and in front of defendant's improvements, and that if such road is not va-

cated the same will be maintained in a condition suitable for public travel. You have no right to assume that the Commissioners of Kiser Creek Sub-District will not construct the bridge for which provisions have been made, nor that the Commissioner of Highways will not maintain the road in a suitable condition when such bridge shall be constructed, but you should assume, in considering the case, that the Commissioners of Kiser Creek Sub-District will construct the bridge and restore the road to a condition suitable for public use and that the Commissioners of Highways will thereafter maintain it in that condition.

"20. The court instructs the jury that in determining the damages, if any, to which defendant Dolbeare is entitled, you should take into consideration the fact that the road in question is a public highway, that it is cut by Kiser Creek ditch, that the law makes it the duty of the Kiser Creek District to bridge said ditch at its own expense, and the further facts, if the same are shown by a preponderance of the evidence, that said district has made an assessment against the lands of the district to raise the money with which to build said bridge, together with all the other facts and circumstances in the case."

It is earnestly contended by appellant that the admission of this evidence and the giving of these instructions was error.

When the authorities of the drainage subdistrict cut its ditch across the public highway, it then became the duty of the commissioners of the subdistrict to restore the road to a fit condition for travel, and if such restoration required the erection of a new bridge the duty of such erection devolved upon the authorities of the drainage district. *People v. Block,* 276 Ill. 286; *Highway Com'rs Town of Bement v. Com'rs of Lake Fork Spec. Drain. Dist.,* 246 Ill. 388.

By section 50, ch. 121, Rev. St. Ill. (Cahill's Ill. St. ch. 121, ¶ 56), it is made the duty of the commissioner of highways to have general charge of the roads and bridges of his town, to keep them in repair and to improve them as far as practicable.

Wherever it is made to appear by the evidence that a duty is imposed upon a public officer by law, the presumption is that such officer will obey the law and perform such duty. *People v. Gazelle,* 299 Ill. 58; *People v. Elgin, J. & E. Ry. Co.,* 298 Ill. 574. Of course, in the present case, it might be a violent presumption to indulge in view of the past conduct of these officials with reference to this bridge, yet appellee was entitled to have the jury instructed as to the law upon that subject.

Counsel for appellant insist that as the damages are to be ascertained as of the date of the filing of the petition and that as at that time the road in question was impassable to the east, evidence as to the proposed building of the bridge was incompetent, and that for the purposes of this case the status of the road was fixed as a road impassable to the east and that all estimates of present value must be based upon that status as an existing and continuing condition.

With this contention of appellant we cannot agree. In *Forest Preserve Dist. of Cook County v. Caraher,* 299 Ill. 11, it was held that the test as to value of land includes not only the actual uses to which land is applied, but all its capabilities which add to its market value.

In *Chicago & W. I. R. Co. v. Heidenreich,* 254 Ill. 231, when the owner of the property claimed that the value of his property was enhanced by the probability of his being able to get the consent of the city council to build a switch track to connect it with a railroad, the court said: ''While the city council could not be compelled to grant the permission, the jury had a right to form a judgment, from the situation of the property and its requirements if used for a warehouse, whether it would be reasonable to grant such permission and whether the city council would be likely to do so. The use of the property for warehouse purposes was claimed by the appellant to add to its value, and there

was testimony to that effect. To tell the jury that they had no right to assume that the privilege might be granted, eliminated the question of such probabilities and practically destroyed that element of value. There was evidence that a switch track could be run to the property if consented to by the city council, and the jury had a right to judge from all the evidence whether that fact added anything to the value of the property.''

In *South Park Com'rs v. Ayer,* 237 Ill. 211, it was contended by the owner that by reason of their proximity to railroad tracks the lots in question were well located for switching facilities and that the possibility of their being used for such purpose should be considered in fixing the present value of the lots. In passing upon this question the court said: ''The facilities can be obtained if the necessary contract can be made with the railroad companies, and if the requisite permission can be obtained from the city. It is possible, on account of its proximity to the tracks, that the owner of this property can make the required arrangements. If the tracks were not in the same block, greater difficulty would be encountered in obtaining the very desirable rights now under consideration. In that event, it is highly probable they could not be acquired at all. In determining the value of the ground, the owners thereof are entitled to have the jury take into consideration the possibility of effecting the needed arrangements. If that possibility adds to the value of the ground the owners are entitled to the addition.''

While it is true that the measure of damages in the present case is the difference between the fair cash value of the land with the road vacated and its fair cash value at the time of the filing of the petition for vacation, it is also true that in order to ascertain that difference the fair cash value of the land at the time of the filing of the petition must first be ascertained.

In order to prove such fair cash value, it was proper to prove any facts which logically tended to affect such value. If, as we have seen, it was proper to prove facts which tended to show a possible or probable future use of the land, as affecting its present value, there is much more reason to prove that the drainage authorities have made an estimate and levied and collected an assessment for the purpose of building a bridge at the place in question. In the present case it is not a question of possibilities or probabilities as affecting value, but it is a situation in which plain duties rest upon public officers. If the jury assumed that the officers will do their duty, as they had a right to assume, naturally they would find the present value of the land greater than if allowed to assume that the bridge never would be built. If the right to have the bridge built added to the value of appellee's land at the time of the filing of the petition, then appellee was entitled to have such addition considered in ascertaining such value.

These instructions contained some minor defects and some defects not pointed out. Objections are made to some of the other of appellee's instructions. We do not deem it necessary to discuss these objections specifically as we consider that they are in the main covered by what we have said above.

For the error in giving instructions the judgment is reversed and the cause remanded.

*Reversed and remanded.*