(No. 27829.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. TONY ALFANO et al.—(MATHEW VITALE, Plaintiff in Error.)

*Opinion filed March 21, 1944—Rehearing denied May 15, 1944.*

WM. SCOTT STEWART, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and JOSEPH A. POPE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error, Mathew Vitale, was convicted in the criminal court of Cook county of robbery. He was also found guilty under the Habitual Criminal Act and sentenced to the penitentiary for his natural life. He seeks review here solely on the common-law record.

The indictment consisted of three counts, the first and third of which were *nolle prossed* and the cause heard on the second count. This count charges that Vitale, with others, robbed one Thomas McElhiney, while armed. The indictment further alleges that Vitale was indicted and found guilty of robbery in 1934 and that this was his second offense. It is contended that the indictment is insufficient to justify the sentence to the penitentairy for his natural life. It is said that the form in which the indictment was drawn does not include the aggravation, and it was error to sentence him for the maximum as to the aggravated offense. We are unable to concur in this view. The record shows that plaintiff in error was convicted of robbery with a gun. It also shows that he had been convicted of robbery in 1934. The Habitual Criminal Act then in force, reads as follows: "That whenever any person having been convicted of either of the crimes of * * * robbery * * * shall thereafter be convicted of any one of such crimes, committed after such first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crime at the time of such last conviction therefor." Ill. Rev. Stat. 1939, chap. 38, par. 602, p. 1193.

This indictment, after setting out that plaintiff in error was indicted and found guilty of robbery in 1934, charges that after his conviction in 1934 "to-wit: on the twenty-ninth day of June in the year of our Lord one thousand nine hundred and forty, in said County and State, robbed said Thomas McElhiney, in manner and form as hereinbefore set forth," etc. In the previous language of the charge, Vitale and others were charged with, on June 29, 1940, robbing Thomas McElhiney while armed. We are unable to see the force of counsel's argument that he is thus found guilty only of plain robbery, or that he should have been sentenced only for the crime of robbery while armed. Robbery is one of the crimes designated in the

Habitual Criminal Act. The act provides for imprisonment in the penitentiary for the full term provided by the law for the crime at the time of the last conviction. In this case the last conviction was for robbing McElhiney in 1940, while armed. The penalty for this may be imprisonment for life, and under the Habitual Criminal Act, where he has been previously convicted of a crime enumerated in that statute, the law provides that he shall be sentenced for the maximum. This contention of plaintiff in error can not be sustained.

It is also contended that the record shows that the jury retired four different times and brought in four separate verdicts, and that this was error as it amounts to a piecemeal trial. The basis for this contention is that the record shows that the clerk, in writing up the verdicts, wrote up each one separately as they were returned against the four separate defendants. As entered by the clerk, the record shows as to each defendant: "And the aforesaid jury retires in charge of sworn officers to consider of their verdict and afterwards returns into open court and for their verdict say:" and then follows the verdict finding plaintiff in error guilty of robbery while armed. This appears in the record as to each of the other three defendants, and counsel for plaintiff in error here say that the verdict so entered against Vitale did not dispose of the entire case but was entered after the jury had exhausted its powers. His counsel cite numerous cases of other jurisdictions in support of the contention that when the jury retired and returned into open court with a similar verdict as to codefendants, and the court accepted the same and the verdict so rendered was duly entered of record, the jury had exhausted its powers and the court could not send it back and forth for each one of the verdicts.

While it appears that the clerk, in writing up the verdicts, entered each separately, there is nothing in the record which establishes that the jury had retired four different

times to consider four different verdicts. The bill of exceptions was not brought before this court and it is impossible to tell from the record here that the charge of plaintiff in error can be substantiated. To take advantage of error it must affirmatively appear in the record. It is the duty of the court to see that proper verdicts are returned and the duty of the clerk to keep the records correctly, and both the court and the clerk are presumed to do their duty. (*People* v. *Gazelle,* 299 Ill. 58; *Farnsley* v. *Stat,* 149 N. E. (Ind.) 436.) We are unable to see in the record, as presented to us, anything that would indicate that these officers have not done their duty. Where two or more persons are tried jointly, it is proper that a verdict be returned as to each. We see no error in the record in this behalf.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*